UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY J. DEL FUOCO,

    Plaintiff,

v.                                  CASE No. 8:03-CV-161-T-23TGW

CHARLES B. WELLS, etc., et al.,

    Defendants.
_____

### REPORT AND RECOMMENDATION

The plaintiff, Jeffrey Del Fuoco, has filed a motion under Rule 60(b), F.R.Civ.P. (Doc. 259-1), seeking to set aside an Order entered on September 20, 2005, imposing attorneys' fees on the plaintiff and his counsel as a sanction for bad faith conduct. The motion is based upon newly discovered evidence that counsel for Sheriff Charles B. Wells had a pivotal role in Wells's involvement in allegedly illegal lease-purchase agreements. The Sheriff opposes the Rule 60(b) motion on several meritorious grounds. Most fundamentally, the purported newly discovered evidence, in all certainty, would not have changed the Order imposing sanctions. I therefore recommend that the Rule 60(b) motion be denied.

I.

The history of this case is set forth in detail in the Order of September 20, 2005 (Doc. 224, pp. 2-6), as well as the Report and Recommendation of October 31, 2005 (Doc. 238, pp. 3-7), and need not be repeated here.  For present purposes, it is sufficient to begin the discussion with the Sheriff's motion for sanctions (Doc. 99).

In that motion, the Sheriff sought sanctions against the plaintiff and his attorney, Craig A. Huffman, on two grounds: (1) The plaintiff had filed a meritless lawsuit against the Sheriff for the improper purpose of publicly harassing the Sheriff during his political campaign; and (2) the plaintiff and his attorney had demanded that, unless the Sheriff paid them $500,000, plus an attorney's fee, they would file illegal campaign financing charges against the Sheriff (id., p. 1).  After the motion was referred to me for disposition (Doc. 110) and the plaintiff and his lawyer had responded (Doc. 124), a status hearing was conducted to organize the evidentiary hearing that appeared warranted by the voluminous filings concerning the motion (Doc. 158), as well as by a motion for sanctions filed by the plaintiff (Doc. 147), which had also been referred for disposition (Doc. 154). Following the hearing, an Order was entered setting forth procedures

leading to an evidentiary hearing (Doc. 159). The Order expressly stated that the previously filed affidavits and materials would not be considered in ruling on the two motions, but rather, the only evidence to be considered would be any stipulation of facts agreed to by the parties and the evidence adduced at the hearing (id., p. 1). The Order also directed the parties to meet for the purpose of preparing a stipulation of facts and to submit that stipulation, along with a witness list, an exhibit list and a statement of the specific issues to be resolved at the hearing (id., pp. 1-2).

The parties, however, did not prepare a stipulation of facts, assertedly because the plaintiff and his attorney did not respond to the Sheriff regarding a stipulation (Doc. 201). Instead, the Sheriff on July 15, 2005, which was the Friday before the Monday on which the evidentiary hearing was scheduled, unilaterally filed a statement of the issues to be resolved, along with a list of witnesses and exhibits (id.). That statement listed two issues (id.):

> 1. Whether at the August 20, 2004 meeting between the parties, Mr. Del Fuoco and Mr. Huffman told Sheriff Wells that unless he agreed to a settle [sic] the above styled action for $500,000 and attorney's fees that Mr. Del Fuoco would file complaint(s) alleging violations of Florida campaign finance laws?

>    2. Whether Mr. Del Fuoco knowingly filed a false affidavit in this proceeding to conceal from this Court the misconduct that occurred at the August 20, 2004 meeting between the parties?

Thus, the Sheriff, who at that point had been dismissed from the case, abandoned as a ground for the motion for sanctions the contention that the plaintiff had filed a meritless lawsuit.

The plaintiff did not file any statement of issues and did not file a list of exhibits and witnesses until Sunday evening, July 17, 2005, at 6:56 p.m. (Doc. 204).[1] Despite the fact that the plaintiff did not specify any issues for consideration at the evidentiary hearing, his motion for sanctions was addressed at that hearing.

The issues concerning the Sheriff's motion for sanctions had therefore been limited to the meeting of August 20, 2004, and the plaintiff's affidavit concerning that meeting. There were six individuals at the meeting: the plaintiff, Huffman, Wells, Carole Masio McGuire, David Borucke, and, by telephone, James Rodio. Although all six were present at the evidentiary hearing, the plaintiff, Wells, Borucke and Rodio testified, and Huffman and McGuire did not. Also, the plaintiff had previously filed a notice that he

---

[1] Since the plaintiff had over four months to submit his materials, I considered the submission untimely when I had not received it by the time I left the office on Friday, July 15, 2005, at 7:30 p.m. (Doc. 210, p. 4).

intended to act as co-counsel, and he not only testified, but also cross-examined Wells. McGuire, who seems to be the focus of the Rule 60(b) motion, only conducted the direct examination of Borucke.

After the evidentiary hearing and the submission of supplemental memoranda, I entered an Order on September 20, 2005, granting the Sheriff's motion for sanctions (Doc. 224). In that Order, I found that the plaintiff's demand of $500,000, plus an attorney's fee, "was made in bad faith in an effort to coerce Wells into settling for $500,000, plus an attorney's fee, a claim with only a modest settlement value at best by threatening to disclose alleged campaign violations – matters wholly unrelated to the lawsuit – at a time when Wells was involved in a re-election campaign" (id., p. 24). As a sanction, Wells was awarded attorneys' fees in an amount to be determined.

The plaintiff, through a different attorney, filed objections to the Order granting sanctions. The objections complained that I severely restricted the evidentiary hearing to the meeting of August 20, 2004 (Doc. 235, p. 1). The objections asserted that the evidentiary hearing should "have considered the evidence and circumstances surrounding several claims of criminal activity that ha[d] previously been made in this case" (id., p. 3). The alleged criminal activity that should have been permitted to be

adduced at the evidentiary hearing included "the facts and circumstances surrounding 'a motor vehicle and equipment lease'" (id., p. 6; see also id., p. 4). The objections also asserted that Huffman should have withdrawn and been replaced with separate counsel for both plaintiff and Huffman (id. p. 8).

The objections, however, were overruled, and the Sheriff's motion for sanctions was granted (Doc. 244). There was no appeal.

A year to the day after the Order of September 20, 2005, was entered, and months after the case had been concluded, the plaintiff filed his Rule 60(b) motion. The motion is predicated upon McGuire's "substantial and pivotal role in concert with her client [Wells] in perpetrating an apparent scheme to defraud several out of state financial institutions, the Internal Revenue Service (IRS) and Manatee County (FL) with regard to what her client has admitted to be 'lease agreements dated September 16, 1997, April 15, 1998, September 11, 1998, September 1, 1999, and August 31, 2000'" (Doc. 259-1, p. 4). The plaintiff asserts that, as a result of a public records request subsequent to September 20, 2005, he "has newly discovered that Ms. Masio-McGuire, her prior firm and the law firm of Holland & Knight played a pivotal and ongoing role between 1997 and 2000 in Wells' entry into these illegal agreements" (id., p. 6).

The Sheriff briefly responded, arguing that the plaintiff's motion does not satisfy any of the requirements for a Rule 60(b) motion (Doc. 263). The plaintiff then filed a motion seeking leave to file a six-page reply to the Sheriff's three-page response (Doc. 265). That motion was denied both because the submissions did not raise any issue that warranted further discussion and because the plaintiff should not be afforded an opportunity to make additional character attacks upon the Sheriff and his counsel (Doc. 270). The plaintiff has also filed a motion to take Huffman's deposition (Doc. 266), and that motion was denied as unjustified, unsupported and untimely (Doc. 271). Most recently, the plaintiff filed a motion to depose the Sheriff, McGuire, and the Manatee County Clerk of Court (Doc. 269). That motion, which was based upon Rule 27(b), F.R.Civ.P., was denied because it failed to show the need to perpetuate the testimony of those witnesses, and because the intended subject of the depositions is irrelevant to the Order of September 20, 2005, and the Rule 60(b) motion (Doc. 272). Each of the three motions was denied alternatively due to the failure to comply with Local Rule 3.01(g).

II.

The plaintiff moves, pursuant to Rule 60(b), for relief from the Order of September 20, 2005, imposing sanctions upon the plaintiff and Huffman, his prior counsel.[2]  The plaintiff's motion is meritless.

The plaintiff relies primarily upon Rule 60(b)(2), which authorizes a court to relieve a party from an order due to "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)."  Such a motion must be made within a reasonable time, but not more than one year after the order was entered.  Rule 60(b), F.R.Civ.P.  Moreover, the plaintiff must show that (1) the evidence was newly discovered since the evidentiary hearing; (2) he acted with due diligence to discover the evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence would produce a new result.  Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000).  Because a motion under Rule 60(b)(2) is an extraordinary one, these requirements must be strictly met. Id.

The new evidence upon which the plaintiff predicates his Rule 60(b)(2) motion concerns McGuire's "pivotal and ongoing role" between

---

[2] Notably, the Rule 60(b) motion does not seek relief from the court's Order of November 22, 2005, adopting my Report and Recommendation, which sets forth the plaintiff's bad faith conduct as an alternative basis for dismissing this suit.

1997 and 2000 in the Sheriff's entry into allegedly illegal lease-purchase agreements (Doc. 259-1, p. 6). Notably, the agreements themselves are not the newly discovered evidence. As the Sheriff points out, the plaintiff had referred to these in various pleadings in this case (see Doc. 263, pp. 2-3), including the Second Amended Complaint (Doc. 80, ¶¶ 19-20). Thus, it is only McGuire's involvement in these transactions that purports to be new evidence.

The plaintiff has failed to explain why McGuire's involvement was not discovered before the evidentiary hearing. He states that he found this information during a public record search. However, "[e]vidence that is contained in the public records at the time of [the proceeding] cannot be considered newly discovered evidence." Scutieri v. Paige, 808 F.2d 785, 794 (11th Cir. 1987). Thus, the plaintiff has failed to show that he exercised due diligence in discovering McGuire's role in the lease-purchase agreements.

Moreover, McGuire's involvement with the lease-purchase agreements would carry no weight in determining what transpired at the August 20, 2004, meeting. Indeed, the same is true of the lease-purchase agreements themselves.

McGuire was not a witness at the evidentiary hearing, but simply conducted the direct examination of one witness (Doc. 210, p. 17). The plaintiff tries to make McGuire a witness by referring to an affidavit she filed in support of the motion for sanctions (Doc. 259-1, p. 3). However, as noted, an Order I entered prior to the hearing expressly stated that such pre-hearing submissions would not be considered (Doc. 159). Of course, even if McGuire had testified, the new evidence would, at most, constitute impeachment evidence and, thus, would not support relief under Rule 60(b)(2).

Furthermore, the lease-purchase agreements and McGuire's involvement in them are not material to determining what was said at the meeting of August 20, 2004. As previously noted, the Sheriff narrowed the grounds for his motion for sanctions to whether the plaintiff and Huffman committed bad faith conduct with respect to the meeting of August 20, 2004. As a result, I strictly limited the evidence to that issue. Both sides sought to adduce testimony that would show the other side in a bad light. I tried to exclude all of that extraneous testimony, sometimes <u>sua</u> <u>sponte</u>, and to focus on the meeting of August 20, 2004 (<u>see</u> Doc. 210, <u>e.g.</u>, pp. 14-15, 97, 113, 115, 138, 139-40, 143, 146, 157, 158, 159, 163, 179, 182). The evidence concerning McGuire's involvement in the lease-purchase

-10-

agreements falls squarely in the category of testimony that I excluded at the hearing as irrelevant. Significantly, the plaintiff's objections to the Order granting sanctions centered upon the evidentiary limitation that I employed. The objections were overruled, and there was no appeal.

Finally, as the one who heard the testimony on the motion for sanctions, I can say with complete confidence that, if I had taken (*i.e.* wasted) the time to hear evidence about the lease-purchase agreements and McGuire's involvement with them, the result would not have been any different. The plaintiff indicates that the new evidence would affect the credibility of Wells and the two attorneys from Holland & Knight who testified at the hearing. Aside from the fact that impeachment evidence will not support a Rule 60(b)(2) motion, the new evidence would not change my opinion of the credibility of those three witnesses in the slightest. Furthermore, even if I were to disregard the Sheriff's testimony about the meeting, I would reach the same conclusion based upon the testimony of the two lawyers from Holland & Knight. The assertion that the new evidence would have been crucial in testing the credibility of those two lawyers is nonsense (see Doc. 259-1, p. 9). Furthermore, the new evidence would do nothing to bolster the credibility of the plaintiff's testimony, which I have found not credible in important respects (Doc. 224, pp. 21, 22).

The plaintiff therefore fails to meet at least four of the five requirements for relief under Rule 60(b)(2). Consequently, the Rule 60(b) motion cannot be granted on that basis.

The plaintiff also seeks relief pursuant to Rule 60(b)(3), which authorizes vacating an order that was obtained by "fraud ..., misrepresentation, or other misconduct of an adverse party." This contention is similarly meritless for several reasons.

In the first place, the Rule 60(b)(3) contention was not timely raised. Rule 60(b) provides that "[t]he motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the ... order ... was entered...." Thus, a motion under these three provisions must be made within a reasonable time, and a motion is not timely merely because it was filed within one year of the order. White v. American Airlines, Inc., 915 F.2d 1414, 1425 (10th Cir. 1990).

While the Rule 60(b) motion was filed in this case on the last day of the one-year period, it was not filed within a reasonable time. The documents upon which the plaintiff bases his argument regarding McGuire were indicated by the plaintiff to be public records. The plaintiff has failed to provide any reason at all, much less a good reason, why the information contained in the documents was not presented sooner than it was. Lairsey

v. Advance Abrasives Co., 542 F.2d 928, 930 (5th Cir. 1976). Furthermore, this undue delay prejudiced the Sheriff not only by upsetting his interest in finality, but by causing him and his counsel to waste time pursuing the issue of attorneys' fees.[3] Id.

In addition, the plaintiff cannot prevail under Rule 60(b)(3) simply by asserting a claim of fraud. Thus, the plaintiff's allegation that there was fraud committed in connection with the lease-purchase agreements between 1997 and 2000 does not support relief under that provision.[4] Rather, the plaintiff must show that the Order of September 20, 2005, was obtained by fraud. The fraud or other misconduct must have prevented the losing party from fully and fairly presenting his case or defense. Frederick v. Kirby Tankships, Inc., 205 F.3d 1277, 1287 (11th Cir.

---

[3] A similar conclusion of untimeliness was warranted on the contention based on Rule 60(b)(2). However, the issue under that rule was covered by the element of due diligence.

[4] Without belaboring an irrelevant point, the plaintiff has failed to show that McGuire engaged in fraud. Rather, all that has been shown is that McGuire issued legal opinions concerning the lawfulness of the lease-purchase agreements, and the plaintiff disagreed with her opinions (Doc. 259-2, p. 21; Doc. 259-3, p. 21; Doc. 259-4, p. 14; Doc. 259-5, pp. 19-20). Moreover, the plaintiff in his affidavit purports to rely upon a 2000 audit (Doc. 262, p. 4), but (in a comment the plaintiff failed to bring to the court's attention) the auditors stated that "[n]o inaccuracies, shortages, defalcations, fraud and no violations of laws, rules, regulations, and contractual provisions were reported in the preceding annual financial audit report" (id., p. 7 (Ex. A)). With respect to the lease-purchase agreements, the auditors merely recommended that such capital lease obligations be coordinated with the Board of County Commissioners in the future (id., p. 12 (Ex. A)), which the Sheriff agreed to do.

2000), cert. denied, 531 U.S. 813 (2000). Moreover, the movant must show the fraud or misconduct by clear and convincing evidence. Id.

The plaintiff asserts that McGuire, by not disclosing her connection to the lease-purchase agreements, prevented the plaintiff from fully and fairly defending his case (Doc. 259-1, p. 11). McGuire's failure to disclose remote legal opinions that are in the public records cannot plausibly be viewed as fraud, and the plaintiff has not cited any authority indicating that it is. Conceivably, the nondisclosure could be considered other misconduct if the Sheriff had an obligation during discovery to produce the records. Montgomery v. Hall, 592 F.2d 278 (5th Cir. 1979). However, that would require the plaintiff to show that production of the documents was clearly called for by a fair reading of a discovery order. Id. at p. 279. The plaintiff has not pointed to any discovery order or discovery request that clearly called for the production of McGuire's legal opinions. Consequently, the plaintiff has not established, by clear and convincing evidence, that McGuire's nondisclosure constituted fraud or other misconduct.

Furthermore, McGuire's nondisclosure of legal opinions concerning transactions that took place five years or more before the evidentiary hearing has nothing to do with the plaintiff's defense to the

claim that he engaged in bad faith conduct at the meeting of August 20, 2004. As explained in connection with the discussion regarding Rule 60(b)(2), I would not have permitted evidence of McGuire's involvement in the lease-purchase agreements to be adduced because it was not material or relevant. Since I would not have admitted the evidence, McGuire's nondisclosure obviously did not prevent the plaintiff from fully and fairly presenting his defense. For this reason also, the plaintiff's motion does not support relief under Rule 60(b)(3).

In his motion, the plaintiff refers to Rule 60(b)(6). That provision authorizes relief from an order for "any other reason." Rule 60(b)(6), F.R.Civ.P. Relief under Rule 60(b)(6) is an extraordinary remedy which is invoked only upon a showing of extraordinary circumstances. Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984). Thus, it is generally reserved for situations showing compelling or aggravated circumstances involving extreme hardship and injustice. McDonald v. Oliver, 642 F.2d 169, 171-72 (5th Cir. 1981). Moreover, because it authorizes relief for "any _other_ reason," it has been said that Rule 60(b)(6) and the first five clauses of Rule 60(b) are mutually exclusive. Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863 n. 11 (1988); Hesling v. CSX Transportation, Inc., 396 F.3d 632, 643 (5th Cir. 2005).

The plaintiff's passing reference to Rule 60(b)(6) (see Doc. 259-1, p. 9) does not warrant relief. In the first place, the plaintiff did not even articulate an argument based upon Rule 60(b)(6). Any such contention should therefore be deemed abandoned.

Furthermore, the request for relief under Rule 60(b)(6) is untimely. A motion under that rule must be made within a reasonable time. As previously explained with respect to Rule 60(b)(3), the Rule 60(b) motion in this case was not filed within a reasonable time.

In addition, the plaintiff's failed attempt to obtain relief under Rule 60(b)(2) and (b)(3) cannot be salvaged by the citation to Rule 60(b)(6). The plaintiff's new evidence is the type of information that would fall within the category covered by Rule 60(b)(2). Similarly, McGuire's nondisclosure of her involvement in the lease-purchase agreements is the kind of conduct that conceivably could come within Rule 60(b)(3). However, in neither instance did the plaintiff's showing satisfy the requirements of those rules. Particularly since those two rules and Rule 60(b)(6) are said to be mutually exclusive, the plaintiff's showing does not improve simply because he cited Rule 60(b)(6). It is illogical to think that, if the two categories that are the most natural do not support relief, relief

would nevertheless be available under the provision authorizing relief for "any other reason."

Relief under Rule 60(b)(6) requires a showing of extraordinary circumstances. The plaintiff certainly has not made such a showing. Therefore, relief is not available under Rule 60(b)(6).

III.

For these reasons, the plaintiff is not entitled to relief under any of the Rule 60(b) provisions that he has mentioned. I therefore recommend that the Motion for Appropriate Relief Under Rule 60(b), Fed.R.Civ.P., be denied.

Respectfully submitted,

DATED: NOV. 20, 2006

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).