UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY DEL FUOCO,

    Plaintiff,

v.                                                CASE NO: 8:03-cv-161-T-23TGW

CHARLES B. WELLS, et al.,

    Defendants.

_____/

## ORDER

Pursuant to 28 U.S.C. § 636 and Local Rule 6.01(b), an October 12, 2006, order (Doc. 264) referred the defendants' motion (Doc. 259-1) for relief under Rule 60(b), Federal Rules of Civil Procedure, to the United States Magistrate Judge for a report and recommendation. Following the Magistrate Judge's November 20, 2006, report and recommendation (Doc. 273), the plaintiff objects (Doc. 276).

A *de novo* determination of those portions of the report and recommendation to which the plaintiff objects reveals that the objections either are unfounded or otherwise require no different resolution of the motion. Accordingly, the plaintiff's objections (Doc. 276) are **OVERRULED** and the Magistrate Judge's report and recommendation (Doc. 273) is **ADOPTED**. The plaintiff's motion (Doc. 259-1) for relief under Rule 60(b), Federal Rules of Civil Procedure, is **DENIED**.

On September 20, 2005, Magistrate Judge Thomas G. Wilson imposed attorney fees on the plaintiff and his counsel as a sanction for bad faith conduct during the prosecution of this case (Doc. 224). More than a year after both the entry of summary judgment in favor of the defendants and the closure of this case (Doc. 244), the plaintiff moves for sanctions (Doc. 275) against Sheriff Charles B. Wells ("Wells") under this court's inherent powers. The plaintiff's motion alleges Wells's "tortious and malicious interference with [the plaintiff's] military career" and various "illegal, defamatory, and retaliatory actions" (Doc. 275 at 11).

The plaintiff alleges (Doc. 275 at 3) Wells's authorship and delivery of a letter to the plaintiff's commanding officer in the U.S. Army Reserve, which letter concedes that this lawsuit "had absolutely nothing to do with Mr. Del Fuoco's duties as a member of the U.S. Army Reserve" but recounts the factual predicate for Magistrate Judge Wilson's imposition of attorney fees against the plaintiff as a sanction for bad faith conduct. Wells's letter also recites a portion of the deposition of Robert O'Neill, the plaintiff's former supervisor at the office of the United States Attorney for the Middle District of Florida. None of these alleged facts (even if true) reveals a legal basis for the imposition of sanctions.

The plaintiff's filing of an untimely, post-judgment motion in this court is an improper vehicle by which to remedy any alleged "tortious and malicious interference with [the plaintiff's] military career" (Doc. 275 at 11). This action is concluded and final, leaving for resolution only the "controversy" concerning the award of attorney fees. Following the denial of the plaintiff's motion under Rule 60(b), no other relief is available.

The plaintiff has notified the defendants, pursuant to Section 768.28, Florida Statutes, of his intention to sue the defendants in state court for defamation and tortious interference. In any action alleging these claims, Wells is entitled to service of process, pleading and notice, discovery, and a trial by jury, little of which is afforded by a motion in this case. An unavailable means by which to remedy Wells's alleged wrongdoing, the plaintiff's motion for sanctions (Doc. 275) is **DENIED.**[*]

ORDERED in Tampa, Florida, on January 4, 2007.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[*] The plaintiff's motion seemingly labors under the misimpression that, by virtue of Wells's appearance as a defendant on a single occasion in a dismissed action, this court has acquired a general right of supervision over Wells that persists for an indefinite time and enforces a standard of upright and wholesome conduct (as guided, of course, by the plaintiff). To say the least, no such right does or should exist.